# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DERRICK ALLEN,

    Plaintiff,

v.                                                Case No. 4:24-cv-77-AW/MJF

RICKY D. DIXON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Defendants T. Fendlason and C. Davis-Cotton's "Motion to Remand and/or Remain in State Court." Doc. 10. Because Defendants did not unanimously consent to removal and the removal was untimely, the District Court should grant Fendlason and Davis-Cotton's motion and remand this action to the State court from which this case originated.

### I. Background

**A.** <u>**Plaintiff's Complaint**</u>

On November 29, 2023, Plaintiff Derrick Allen initiated this action against nine prison officials at Santa Rosa Correctional Facility and the Secretary of the Florida Department of Corrections. Complaint at 1, *Allen*

Page 1 of 8

*v. Dixon*, No. 2023CA002746 (Fla. Cir. Ct. Nov. 29, 2023). Plaintiff asserts claims under the First and Eighth Amendments, as well as under Florida law. *Id.* at 14–18.

Between January 4 and January 12, 2024, Plaintiff served all the Defendants. Specifically, on January 4, 2024, Plaintiff effected service on Davis-Cotton. Return of Service on Davis-Cotton at 1, *Allen*, No. 2023CA002746, ECF No. 24. On January 12, 2024, Plaintiff effected service on Dixon. Return of Service on Dixon at 1, *Allen*, No. 2023CA002746, ECF No. 20. Additionally, on January 12, 2024, Plaintiff effected service on Fendlason. Return of Service on Fendlason at 1, *Allen*, No. 2023CA002746, ECF No. 32.[1]

### B.   Fendlason and Davis-Cotton's Removal

On February 15, 2024, Fendlason and Davis-Cotton removed this action from State court. Doc. 1; Doc. 6 (second notice of removal).

---

[1] Fendlason and Davis-Cotton did not comply with the Local Rules and provide the District Court with "a copy of each paper filed or served in the state court." N.D. Fla. Loc. R. 7.2(A). Nevertheless, the undersigned takes judicial notice of documents filed in the State court. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

Fendlason and Davis-Cotton asserted that this matter "became removable" on January 4, 2024, when Davis-Cotton was served. Doc. 6 ¶ 4; *accord* Doc. 1 ¶ 4. They asserted the District Court has subject matter jurisdiction over this matter "by reason of the federal claims brought by Plaintiff," which include "claims of violations of the First and Eight Amendments of the United States Constitution." Doc. 6 ¶¶ 2–3 (error in original); *accord* Doc. 1 ¶¶ 2–3. They also provided a copy of Plaintiff's complaint that confirms that Plaintiff is bringing claims under the First and Eighth Amendments of the United States Constitution. Doc. 6-1.

C. **Fendlason and Davis-Cotton's Motion to Remand**

On February 20, 2024, Fendlason and Davis-Cotton filed their "Motion to Remand and/or Remain in State Court."[2] Doc. 10. Fendlason and Davis-Cotton concede that Dixon did not consent to the removal of this action. *Id.* at 1–2. In fact, on February 16, 2024, Dixon filed an objection noting that he did not consent to removal. Objection to Removal at 1, *Allen*, No. 2023CA002746, ECF No. 40.

---

[2] Plaintiff also requested that the District Court remand this matter to the State court. Doc. 11. Plaintiff, however, did not provide a cognizable basis for remand and instead argued that permitting removal would "impermissibly discriminate against the bring[ing] of [Plaintiff's] § 1983 claim." *Id.* at 2.

## II. DISCUSSION

A civil case filed in a state court may be removed to a federal court by the defendant if the plaintiff originally could have filed the lawsuit in a federal court. 28 U.S.C. § 1441(a). Relevant here, federal courts have original jurisdiction over claims arising under federal law. 28 U.S.C. § 1331; *Johnston v. Tampa Sports Auth.*, 530 F.3d 1320, 1324 (11th Cir. 2008). Accordingly, a defendant can remove such a case to a federal court.

Section 1446(b)(2)(A) sets forth the procedural requirements for proper removal in cases that are removed based on federal-question jurisdiction. 28 U.S.C. § 1446(b)(2)(A). If a party fails to comply with those procedural requirements, the removal is defective, and the district court may remand the action to the state court. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999); *see* 28 U.S.C. § 1447(c). A party must file a motion to remand for procedural defects—or the court may *sua sponte* raise procedural defects—within thirty days of the defective removal. 28 U.S.C. § 1447(c); *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997).

## A.     <u>Defendants Did Not Unanimously Consent to Removal</u>

When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008). The "lack of unanimous consent to removal is a defect in the removal process." *Overlook Gardens Props., LLC v. ORIX USA, L.P.*, 927 F.3d 1194, 1198 (11th Cir. 2019).

Here, removal in this civil action is "solely under" § 1441(a). Doc. 6 at ¶¶ 2–4 (asserting that the court enjoyed subject-matter jurisdiction "by reason of the federal claims brought by Plaintiff" and indicating Plaintiff brought claims under 42 U.S.C. § 1983); *accord* Doc. 1 ¶¶ 2–4. Therefore, Defendants had to unanimously consent to removal. Dixon, however, did not consent to removal. Doc. 10 at 1–2; Objection to Removal at 1, *Allen*, No. 2023CA002746, ECF No. 40. Because Defendants did not unanimously consent to removal, the removal is procedurally defective. Therefore, on this basis alone, the District Court should remand this action to the State court.

## B.    <u>Fendlason and Davis-Cotton's Removal Is Untimely</u>

A second independent basis for removal exists: the removal is untimely. Section 1446(b)(1) provides that a notice of removal

> shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 354 (1999). This time limit "is 'mandatory and must be strictly applied.'" *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003) (quoting another source). Furthermore, in cases with multiple defendants, when

> defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2)(C).

Fendlason and Davis-Cotton asserted that the case "became removable" on January 4, 2023, when Davis-Cotton was served. Doc. 6 ¶ 2; *accord* Doc. 1 ¶ 2 (same). Notably, on January 12, 2024, Fendlason was

Page 6 of 8

served with a copy of the summons and complaint. Thus, the thirty-day period for Fendlason to remove the case (and any earlier served Defendants, including Davis-Cotton, to consent) began when Fendlason was served on January 12, 2024. That thirty-day removal period ended on February 12, 2024. In other words, at the latest, Defendants had until February 12, 2024, to file timely a notice of removal. Fendlason and Davis-Cotton, however, did not remove this action until February 15, 2024, which was **three days after** the removal period expired. Therefore, the removal is untimely.

For this second, independent reason, Fendlason and Davis-Cotton's removal was procedurally defective, and the District Court should remand this action to the State court.

### III. Conclusion

Because Defendants did not unanimously consent to removal and the removal was untimely, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Fendlason and Davis-Cotton's Motion to Remand, Doc. 10.

2.    **REMAND** this case to the Second Judicial Circuit in and for Leon County, Florida.

3.    **DIRECT** the clerk of the court to take all steps necessary to effect the remand and close this case.

At Pensacola, Florida, this <u>14th</u> day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**